IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ALECIA MCNEIL, A# 214829498,<br><br>  197 Market St., Apt 7<br>  Paterson, NJ 07505<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Serve:  Office of the General Counsel<br>         Department of Homeland Security<br>         Mail Stop 3650<br>         Washington, D.C. 20528<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>         Services<br>         425 I. Street, N.W., Room 6100<br>         Washington, D.C. 20536<br><br>CHAD WOLF, Secretary of the Department of Homeland Security,<br><br>Serve:  Office of the General Counsel<br>         Department of Homeland Security<br>         Mail Stop 3650<br>         Washington, D.C. 20528<br><br>KENNETH CUCCINELLI, Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration<br>         Services | Case No. 1:20-cv-02338 |

1

      425 I. Street, N.W., Room 6100
      Washington, D.C. 20536

and,

JOHN RAMIREZ, Director of the Phoenix Field Office of the United States Citizenship and Immigration Services,

Serve:  John Ramirez
         USCIS
         1330 S 16Th
         Phoenix, AZ 85034

  Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS

Plaintiff Alecia Mcneil respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

## PARTIES

1. Plaintiff Alecia Mcneil is a citizen of Jamaica.

2. Alecia Mcneil is married to a U.S. citizen named Yusef Alexand Ambrosio.

3. Alecia Mcneil resides in Paterson, NJ.

4. Yusef Alexand Ambrosio filed an I-130 Petition for Alien Relative on behalf of the Plaintiff on or about March 19, 2018. The couple filed an accompanying I-485 Application for Adjustment of Status on Plaintiff's behalf on that same date as well. Defendants assigned Receipt Number MSC1890809370 to Plaintiff's case.

5. USCIS completed the fingerprinting and photographing of Alecia Mcneil as part

of the processing of the pending applications.

6. Defendants conducted an interview on the couple's I-130 application and the corresponding I-485 application for adjustment of status on June 28, 2019.

7. Since then, the Defendants have taken no action on the pending adjustment application.

8. Since Alecia Mcneil and Yusef Alexand Ambrosio filed the applications with USCIS, they have made repeated requests to have their case finally adjudicated.

9. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Alecia Mcneil's application to adjust status has remained pending far longer than is reasonable.

10. USCIS has refused to adjudicate Alecia Mcneil's application in accordance with applicable legal criteria.

11. Plaintiff brings this action to compel the USCIS to finally adjudicate the pending applications as required by law.

12. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the USCIS with background and security checks.

13. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

14. Defendant Chad Wolf, the Secretary of the DHS, is the highest ranking official within the DHS.  Wolf, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as

"the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Wolf is sued in an official capacity as an agent of the government of the United States.

15. Defendant Kenneth Cuccinelli, Director of the USCIS, is the highest ranking official within the USCIS. Cuccinelli is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Cuccinelli is sued in an official capacity as an agent of the government of the United States.

16. Defendant John Ramirez is the Director of the USCIS Phoenix Field Office and is sued only in an official capacity, as well as any successors and assigns. The Phoenix Field Office has jurisdiction over applications for adjustment of status for immigrants in Paterson, NJ, where Plaintiff resides. Ramirez is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. John Ramirez is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

17. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

18. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF
(Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiff alleges and state as follows:

19. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

20. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

21. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

22. Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

23. The combined delay and failure to act on Alecia Mcneil's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

24. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

25. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For the second claim for relief against all Defendants, Plaintiff alleges and states as

follows:

26. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

27. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

28. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

29. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Alecia Mcneil requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Alecia Mcneil's application to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Alecia Mcneil's application to adjust status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Alecia Mcneil;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may

take to accelerate processing of the application to adjust status;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**August 24, 2020**

*/s/ James O. Hacking, III*
James O. Hacking, III
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFF**
**ALECIA MCNEIL**